J-S14018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEAN DARRINGTON, | |
| Appellant | No. 1193 MDA 2016 |

Appeal from the PCRA Order May 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002322-1993

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 12, 2017**

Appellant, Sean Darrington, appeals from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the procedural history of this matter as follows.  On October 9, 1994, a jury convicted Appellant of first-degree murder and robbery.[1]  On October 18, 1994, the trial court sentenced Appellant to serve a term of life imprisonment for the conviction of first-degree murder and a

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1] The crimes involved the murder of Dale Bloom, who was found dead in his home, and the robbery of the victim's car.  An autopsy revealed that Mr. Bloom suffered five gunshot wounds, five puncture wounds, and had been cut with a hand saw about his neck.

consecutive term of incarceration of ten to twenty years for the robbery conviction. On direct appeal, a panel of this Court affirmed Appellant's judgment of sentence on July 10, 1995, and our Supreme Court subsequently denied Appellant's petition for allowance of appeal on December 14, 1995. *Commonwealth v. Darrington*, 667 A.2d 417 (Pa. Super. filed July 10, 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1122 (Pa. 1995).

Subsequently, Appellant filed multiple petitions seeking collateral relief. Appellant's most recent PCRA petition, which is the subject of this appeal, was filed on March 25, 2016. On May 6, 2016, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss Appellant's petition. The PCRA court then dismissed the instant petition on May 27, 2016. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. The lower court abused its discretion in entering an order that <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016) is not retroactive to Appellant's lack of statutory authorization sentencing claim that fulfills the statutory requirements of 42 Pa.C.S. § 9545(b)(1)(iii) as an exception to 42 Pa.C.S. § 9545(b) where this claim was presented within 60 days per 42 Pa.C.S. § 9545(b)(1) and further in light of <u>Welch v. United States</u>, No. 15-6418, 2016 U.S. LEXIS 2541 (U.S. April 18, 2016) that supports and demonstrates Appellant's right to resentencing due to the lower courts lack of statutory authorization for the sentence imposed?

II. Did the Court of Common Pleas "abuse its discretion" where the court adjudicated this matter under a manifest conflict of

interest due to the supported fact(s) the instant PCRA court was the District Attorney during the relevant times of Appellant's criminal proceedings as demonstrated in the records?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirements of the PCRA. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory

and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time

_____

[2]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

As previously noted, our review of the record reflects that Appellant's judgment of sentence was affirmed by this Court on July 10, 1995, and our Supreme Court denied Appellant's petition for allowance of appeal on December 14, 1995. ***Darrington***, 667 A.2d 417 (Pa. Super. filed July 10, 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1122 (Pa. 1995). However, Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 13, 1996, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on March 25, 2016, is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his

petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to invoke the third exception to the PCRA timeliness requirements with reliance upon the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. *Id*. at 2475.

Subsequently, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), clarifying that *Miller* applies retroactively. *Montgomery*, 136 S.Ct. at 735-736. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016), this Court held that the date of the *Montgomery* decision is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S. § 9545(b)(2). *Secreti*, 134 A.3d at 82. Accordingly, under the holding of *Secreti*, Appellant has satisfied the sixty-day rule of section 9545(b)(2), because the instant PCRA petition, filed on March 25, 2016, was filed on the sixtieth day after *Montgomery* was decided on January 25, 2016.

However, the holding in *Miller* was limited to those offenders who were juveniles at the time they committed their crimes. *Miller*, 132 S.Ct. at 2460. In *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), this Court held that *Miller* is not an exception under section 9545(b)(1)(iii) to those over the age of eighteen at the time of the commission of their crimes. *Cintora*, 69 A.3d at 764. In *Cintora*, the co-appellants, who were nineteen and twenty-one years old at the time of their crimes, argued that *Miller* applied to them because a human brain does not fully develop until the age of twenty-five, and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with immature brains, as adults." *Cintora*, 69 A.3d at 764. This Court rejected these claims, stressing that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id*. (emphasis in original).

Recently, in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016), we reaffirmed our holding in *Cintora*. In *Furgess*, the appellant, who was nineteen years old when he committed his crimes, presented an argument similar to Appellant's herein, maintaining that he "may invoke *Miller* because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." *Furgess*, 149 A.2d at 94. Relying on *Cintora*, we reiterated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller*

- 7 -

decision and therefore may not rely on that decision to bring themselves within the timebar exception in Section 9545(b)(1)(iii)." **Id**.

Our review of the certified record reflects that Appellant's date of birth is November 1, 1971. The crimes for which Appellant was convicted occurred in June of 1993. Thus, Appellant was twenty-one years old when he committed his crimes. Based on our holdings in **Cintora** and **Furgess**, it is apparent that the rule announced in **Miller** cannot apply to Appellant, who was over eighteen years old when he committed murder. Accordingly, Appellant's arguments that **Miller** should apply to his case cannot satisfy the timeliness exception of section 9545(b)(1)(iii).

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2017